**SEALED**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 18cr60073-WPD

18 U.S.C. § 1956(h)
18 U.S.C. § 1956(a)(1)(B)(i)
18 U.S.C. § 982

UNITED STATES OF AMERICA )
)
v. )
)
)
RAYMOND ODIGIE UADIALE, )
a/k/a "Mike Roland," )
)
)
Defendant. )
_____ )

FILED BY _____ D.C.

**MAR 2 2 2018**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

## INDICTMENT

The Grand Jury charges that:

### GENERAL ALLEGATIONS

At all times material to this Indictment:

1.      "Ransomware" refers to a type of malicious computer software that extorts money from victims.  Generally, once ransomware infects a victim's computer, it "locks" the computer so that the computer's users cannot access any data.  The ransomware then often displays a message on the screen, referred to as a "splash screen," with instructions for paying a ransom.  The instructions promise, sometimes falsely, that users will regain access to their data upon payment of the ransom.

2.      Reveton was a type of ransomware that infected computers throughout the United States and other countries.  When Reveton infected a victim's computer, it would display a splash screen that included the logo of a law enforcement organization and a message falsely informing the victim that the law enforcement organization had found illegal material on the infected

computer. The Reveton ransomware splash screen would direct the victim to pay a "fine" in order to regain access to the computer and its data. Upon payment, Reveton nevertheless would sometimes not allow the victim to regain that access.

3.     GreenDot MoneyPaks were financial instruments loadable by cash at designated physical locations such as drug stores throughout the United States. Reveton's splash screen included instructions for victims on how to obtain MoneyPaks and a form for submitting a MoneyPak account number as payment of their "fine."

4.     Liberty Reserve was an online payment processor that offered a digital currency service through which members could convert deposited funds to "Liberty Reserve Dollars" in order to transfer money to others.

## COUNT 1
### Conspiracy to Commit Money Laundering
### (18 U.S.C. § 1956(h))

5.     The General Allegations section of this Indictment is re-alleged and fully incorporated herein by reference.

6.     From in or about at least October 2012, and continuing through at least March 27, 2013, the exact dates being unknown to the Grand Jury, in Miami-Dade and Broward Counties, in the Southern District of Florida, and elsewhere, the defendant,

**RAYMOND ODIGIE UADIALE,**
**a/k/a "Mike Roland,"**

did willfully, that is, with the intent to further the objects of the conspiracy, and knowingly combine, conspire, confederate, and agree with other persons known and unknown to the Grand Jury to commit offenses against the United States, in violation of Title 18, United States Code, Section 1956, that is, to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce, which transactions involved the proceeds of specified unlawful activity,

2

knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of such specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

It is further alleged that the specified unlawful activity was computer fraud, in violation of Title 18, United States Code, Section 1030(a)(7).

## OBJECT OF THE CONSPIRACY

7.     It was the object of the conspiracy for the defendant and his co-conspirators to unlawfully enrich themselves and others, to hide illegal proceeds, and to further the fraud scheme by, among other things, withdrawing, transferring, and conducting financial transactions involving fraudulently-obtained funds through financial institutions in the United States and abroad.

## MANNER AND MEANS

The manner and means by which the defendant and his co-conspirators sought to accomplish the objects and purpose of the conspiracy included, among others, the following:

8.     Co-conspirator 1  distributed ransomware, including the variant of ransomware known as Reveton.

9.     Through ransomware, Co-conspirator 1 accumulated victims' ransom payments on GreenDot MoneyPaks.

10.     **UADIALE** obtained prepaid debit card accounts.  Using the online moniker "Mike Roland," **UADIALE** would send Co-conspirator 1 the account numbers for those prepaid debit cards via an online messaging platform.

11.     Using GreenDot's online transfer system, Co-conspirator 1 would transfer victims' ransomware payments from GreenDot MoneyPaks to the prepaid debit card account numbers provided by **UADIALE**.  Once those funds were loaded on the prepaid debit cards, Co-conspirator 1 (using the online moniker "K!NG") would message **UADIALE** the last four digits of the loaded prepaid debit cards and the amount loaded on each.  Co-conspirator 1 would instruct **UADIALE** to send a portion of those funds back to Co-conspirator 1 through Liberty Reserve.

12.     **UADIALE** would then withdraw the loaded ransomware payments from the prepaid debit cards as cash at automated-teller-machine or point-of-sale locations in the Southern District of Florida and elsewhere.

13.     After withdrawing the money, **UADIALE** would send a portion of the ransomware payments to Co-conspirator 1 through Liberty Reserve from one or more computers located in the Southern District of Florida and elsewhere.  The portion **UADIALE** sent through Liberty Reserve was valued at a dollar amount equal to an agreed-upon percentage of the ransomware payments. **UADIALE** would keep the remainder of the ransomware payments for exchange fees and as a commission.

14.     When a financial institution froze or closed a prepaid debit card account for suspected fraudulent activity, Co-conspirator 1 would tell **UADIALE** that the transfer of funds to that account had failed, and **UADIALE** would obtain and message to Co-conspirator 1 a different prepaid debit card account to use in the scheme.

All in violation of Title 18, United States Code, Section 1956(h).

## COUNT 2
## Money Laundering
### (18 U.S.C. § 1956(a)(1)(B)(i))

15.     The General Allegations section of this Indictment is re-alleged and incorporated

by reference as if fully set forth herein.

16.     On or about March 27, 2013, in Miami-Dade and Broward Counties, in the

Southern District of Florida, and elsewhere, the defendant,

### RAYMOND ODIGIE UADIALE,
### a/k/a "Mike Roland,"

did knowingly conduct and attempt to conduct a financial transaction affecting interstate

commerce, specifically the transfer of approximately $840 worth of Liberty Reserve dollars on the

Liberty Reserve digital currency platform from an account in the name of "Mike Roland" and

having a number ending in -0836 to an account having a number ending in -2547, which

transaction involved the proceeds of specified unlawful activity, specifically computer fraud, in

violation of Title 18, United States Code, Section 1030(a)(7), knowing that the property involved

in the financial transaction represented the proceeds of some form of unlawful activity, and

knowing that the transaction was designed in whole or in part to conceal and disguise the nature,

location, source, ownership, and control of the proceeds of specified unlawful activity.

All in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

## FORFEITURE ALLEGATIONS
### (18 U.S.C. § 982)

1.     Pursuant to Title 18, United States Code, Section 982(a)(1), upon conviction of

Count 1 or 2 of this Indictment, an offense in violation of Title 18, United States Code, Section

1956, the defendant, **RAYMOND ODIGIE UADIALE, a/k/a "Mike Roland,"** shall forfeit to

the United States any property, real or personal, involved in such offense, or any property traceable to such property.  The property to be forfeited includes but is not limited to the following:

> Approximately One Hundred Thirty Thousand Dollars ($130,000.00) in U.S. currency, in that such sum represents property involved in or traceable to violation(s) of money laundering.

2.    If any of the forfeitable property described in the forfeiture section of this Indictment, as a result of any act or omission of the defendant,

(a)    cannot be located upon the exercise of due diligence;
(b)    has been transferred or sold to, or deposited with, a third party;
(c)    has been placed beyond the jurisdiction of the Court;
(d)    has been substantially diminished in value; or
(e)    has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

A TRUE BILL

_____
FOREPERSON


_____
BENJAMIN G. GREENBERG
UNITED STATES ATTORNEY

_____
JARED M. STRAUSS
ASSISTANT UNITED STATES ATTORNEY

_____ (Jared Strauss)
for: W. JOSS NICHOLS
TRIAL ATTORNEY, U.S. DEPARTMENT OF JUSTICE

6

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

UNITED STATES OF AMERICA

CASE NO. _____

vs.

**CERTIFICATE OF TRIAL ATTORNEY***

**RAYMOND ODIGIE UADIALE,**
 a/k/a "Mike Roland,"

**Defendant.**
_____/

**Superseding Case Information:**

**Court Division**: (Select One)

New Defendant(s) ____ Yes ____ No
Number of New Defendants ____
Total number of counts __2__

Miami ____    Key West ____
FTL __X__    WPB ____    FTP ____

I do hereby certify that:

1.    I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2.    I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3.    Interpreter:    (Yes or No)    __No__
      List language and/or dialect    _____

4.    This case will take    __3-5__    days for the parties to try.

5.    Please check appropriate category and type of offense listed below:
      (Check only one)                                    (Check only one)

| | | | | | |
|---|---|---|---|---|---|
| I | 0 to 5 days | __X__ | Petty | _____ |
| II | 6 to 10 days | _____ | Minor | _____ |
| III | 11 to 20 days | _____ | Misdem. | _____ |
| IV | 21 to 60 days | _____ | Felony | __X__ |
| V | 61 days and over | _____ | | |

6.    Has this case been previously filed in this District Court?    __NO__    (Yes or No)
If yes:
Judge: _____    Case No. _____
         (Attach copy of dispositive order)
Has a complaint been filed in this matter?    __No__    (Yes or No)
If yes:
Magistrate Case No.    _____
Related Miscellaneous numbers:    _____
Defendant(s) in federal custody as of    _____
Defendant(s) in state custody as of    _____
Rule 20 from the District of    _____

Is this a potential death penalty case?    __NO__    (Yes or No)

7.    Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003?    _____ Yes    __X__    No

8.    Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007?    _____ Yes    __X__ No

_____
JARED M. STRAUSS
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No./Court No. A5501264

Penalty Sheet(s) attached

REV 4/8/08

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

Defendant's Name: **RAYMOND ODIGIE UADIALE, a/k/a "Mike Roland"**

Case No: _____

Count #: 1

   Conspiracy To Commit Money Laudering

   In violation of Title 18, United States Code, Section 1956(h)

\* **Max. Penalty:**  Twenty (20) years' imprisonment; $500,000 fine, and three (3) years' supervised release.

Count #: 2

   Money Laundering

   In violation of Title 18, United States Code, Section 1956(a)(1)(B)(i)

\***Max. Penalty:**  Twenty (20) years' imprisonment; $500,000 fine, and three (3) years' supervised release.

Count #: 3

_____

_____

\***Max. Penalty:** _____

Count #: 4

_____

_____

\***Max. Penalty:** _____

   \*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms or forfeitures that may be applicable.